1

2

3                          UNITED STATES DISTRICT COURT

4                               DISTRICT OF NEVADA

5                                      * * *

6    PATRICK DUNN,                              Case No. 3:19-cv-00702-MMD-WGC

7                          Petitioner,                    ORDER

       v.
8

9    ISIDRO BACA, *et al.*,

10                         Respondents.

11

12   **I.      SUMMARY**

13          This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the Court

14   is Petitioner Patrick Dunn's motion for equitable tolling due to COVID-19. (ECF No. 11.)

15   Respondents have filed an opposition (ECF No. 12) and Dunn has filed a reply (ECF No.

16   14). The Court finds that under the extraordinary circumstances of the COVID-19

17   pandemic, equitable tolling for a fixed time until August 10, 2020, is warranted. Dunn also

18   has filed an unopposed motion for extension of time. (ECF No. 15.) The Court denies this

19   motion as moot because the Court is granting Dunn's motion for equitable tolling.

20   **II.     PROCEDURAL HISTORY**

21          Dunn was convicted in state district court of second-degree murder. (ECF No. 7 at

22   2.) Under 28 U.S.C. § 2244(d)(1)(A), Dunn has one year from the date his judgment of

23   conviction became final to file a petition for a writ of habeas corpus under 28 U.S.C.

24   § 2254. The judgment became final when the time expired to petition the Supreme Court

25   of the United States for a writ of certiorari. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20

26   (2009). *See also* Sup. Ct. R. 13(1). The Nevada Supreme Court decided the appeal on

27   March 2, 2015, and denied rehearing on April 29, 2015. The judgment of conviction thus

28   became final on July 28, 2015. (ECF No. 11 at 3.)

1    The time spent on a properly filed state post-conviction habeas corpus petition does

2    not count toward the one-year limit. 28 U.S.C. § 2244(d)(2). Dunn filed a state post-

3    conviction habeas corpus petition on July 27, 2015, one day before his judgment of

4    conviction became final. (ECF No. 11 at 4.) That petition thus tolled the one-year limit

5    immediately upon its start. The state district court denied the petition. Dunn appealed. The

6    Nevada Court of Appeals affirmed on April 29, 2019, and remittitur issued on May 24,

7    2019. (*Id.*) Statutory tolling ended, and the one-year limit effectively started running the

8    next day.

9    Dunn effectively commenced this action on November 20, 2019, when he delivered

10   his initial proper-person § 2254 petition to a prison officer for mailing to the Court. (ECF

11   No. 7 at 1; Rule 3(d), Rules Governing Section 2254 Cases in the United States District

12   Courts.) The initial petition is timely. By the Court's preliminary calculations, the one-year

13   limit of 28 U.S.C. § 2244(d)(1)(A) expires at the end of Tuesday, May 26, 2020, taking into

14   account that the deadline otherwise would have occurred on Memorial Day weekend.

15   The Court appointed the Federal Public Defender to represent Dunn. (ECF No. 10.)

16   The Court gave Dunn the opportunity to file a counseled amended petition. (*Id.*) The

17   deadline for filing the amended petition currently is May 11, 2020. (*Id.*)

18   **III.    DISCUSSION**

19   **A.    THE COURT WILL GRANT PROSPECTIVE EQUITABLE TOLLING**

20   Equitable tolling can be available to save an untimely petition. *Holland v. Florida*,

21   560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows

22   '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

23   circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v.*

24   *DiGuglielmo*, 544 U.S. 408, 418 (2005)).

25   Prospective equitable tolling is a departure from the usual practice of the Court and

26   counsel for petitioners. The Court has been reluctant to give prospective equitable tolling

27   for unknown claims in an unseen petition. Equitable tolling, by its nature, is a retrospective

28   equitable remedy in those extraordinary circumstances when application of the statute of

2

1  limitations would lead to an unfair result. When faced with a short deadline, the usual

2  practice of the Federal Public Defender is to quickly file a timely amended petition,

3  effectively a rough draft based upon a brief initial investigation, to which later amended

4  petitions can relate back. Counsel also usually asks for leave to further amend the petition

5  after a full investigation. The problem for counsel is even that practice now is difficult to

6  impossible.

7         The Court has little to no doubt that Dunn, represented by the Federal Public

8  Defender, is pursuing his rights diligently. The problem is the COVID-19 pandemic. Visits

9  to prison are restricted to keep the disease from spreading into the prisons. Travel to other

10  areas for investigation is difficult. Trying to interview people on potentially sensitive issues

11  while maintaining distance also is unwise. Courthouses are closed, and so obtaining

12  records is difficult to impossible. Counsel for Dunn and for Respondents are working from

13  home, as are their colleagues. The Court has received many requests for extension of

14  time from both due to technical difficulties of setting up secure remote connections to their

15  work computers, and their home computers might not be as efficient as their work

16  computers. Some people have children whose schools or day-cares have closed. The

17  parents have suddenly and unexpectedly become teachers, in addition to their normal

18  work duties. In short, the COVID-19 pandemic is an extraordinary circumstance that is

19  preventing parties from meeting deadlines established both by rules and by statutes.

20         In the past, the Ninth Circuit has allowed prospective equitable tolling, at least in

21  capital habeas corpus cases. *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283,

22  1289 (9th Cir. 1997), *overruled on other grounds by Calderon v. U.S. District Court (Kelly)*,

23  163 F.3d 530 (9th Cir. 1998); *accord, Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002).

24  However, the Ninth Circuit recently has ruled that equitable tolling does not act as stop-

25  clock tolling the way that 28 U.S.C. § 2244(d)(2) does. *Smith v. Davis*, 953 F.3d 582 (9th

26  Cir. 2020) (en banc). If an extraordinary circumstance has prevented a petitioner from

27  timely filing a habeas corpus petition, then the petitioner must be reasonably diligent in

28  filing the petition once the extraordinary circumstance dissipates. *Id.*

1    If travel restrictions were not in place, if counsel for Dunn and counsel for
2    Respondents did not need to work from home under less than optimal conditions, if the
3    courthouse was open, then the Court likely would hold that *Smith* implicitly eliminated
4    prospective equitable tolling. If a court cannot use stop-clock equitable tolling for an
5    untimely petition, then it necessarily follows that a court cannot use stop-clock prospective
6    equitable tolling. But those problems have existed for the past two months. Effectively, two
7    months of Dunn's opportunity to prepare an amended petition have been wiped out. At the
8    time of writing this order, the State of Nevada has lessened some restrictions, but the other
9    challenges still remain. The extraordinary circumstance of the COVID-19 pandemic is
10   ongoing, and at the moment it is preventing Dunn from filing a timely amended petition.
11   Put another way, if the Court were to deny prospective equitable tolling, but give Dunn
12   additional time to file an amended petition because of the challenges he faces, then the
13   Court can say with certainty that it would find equitable tolling to be warranted once he
14   files the amended petition. Because the Court would do that, it will tell Dunn ahead of time
15   that it will grant equitable tolling and relieve him of one worry.

16   **B.    DUNN'S MOTION FOR EXTENSION OF TIME IS MOOT**

17   Dunn has filed an unopposed motion for extension of time. (ECF No. 15.) He asks
18   the Court to set the deadline for filing the amended petition to May 26, 2020, if the Court
19   does not grant his motion for prospective equitable tolling. (*Id.* at 2.) Because the Court is
20   granting Dunn's motion for prospective equitable tolling, this motion is moot.

21   **IV.    CONCLUSION**

22   It is therefore ordered that Petitioner's motion for equitable tolling due to COVID-19
23   (ECF No. 11) is granted. The one-year period of limitation under 28 U.S.C. § 2244(d)(1)
24   will expire at the end of August 10, 2020. The amended petition for a writ of habeas corpus
25   is due also on August 10, 2020.

26   ///
27   ///
28   ///

1    It is further ordered that Petitioner's unopposed motion for extension of time (first

2  request) (ECF No. 15) is denied as moot.

3    DATED THIS 18th day of May 2020.

4

5    _____

6    MIRANDA M. DU
     CHIEF UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28