UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICK DUNN, | Case No. 3:19-cv-00702-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Respondents. | |

I.    **SUMMARY**

Petitioner Patrick Dunn, a Nevada prisoner, has filed a counseled Second-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 46 ("Second-Amended Petition").) Currently before the Court is Respondents' motion to dismiss the Second-Amended Petition. (ECF No. 54 ("Motion")[1].) For the reasons discussed below, the Court grants the Motion, in part.

II.    **BACKGROUND**

In its order affirming Dunn's conviction, the Nevada Supreme Court described the crime, as revealed by the evidence at Dunn's trial, as follows:

> The appellant, Patrick Dunn, went out drinking in downtown Elko with three friends on the same night that Erik Espitia went out drinking in downtown Elko with three of his relatives. No one in the Dunn party had ever met the members of the Espitia party; they first encountered each other in the downtown Elko parking corridor as they headed to their respective vehicles to go home. Upon that encounter a fist fight ensued in which every member of both groups became involved. At one point, Dunn extricated himself from the fight, ran to his vehicle, loaded the gun he kept in his car, and returned to shoot and kill Erik Espitia. Thereafter, Dunn left the parking corridor, made a stop to "get rid of the gun," and drove back to his house where he put his clothes in the laundry hamper and fell asleep.

(ECF No. 18-12.)

---

[1]Dunn opposed the Motion, and Respondents replied. (ECF Nos. 62, 65.)

1    On November 8, 2012, a jury found Dunn guilty of second-degree murder with the

2    use of a deadly weapon and attempted willful destruction or concealment of evidence.

3    (ECF No. 56-42.) Dunn was sentenced to 10 to 25 years for the second-degree murder

4    conviction plus a consecutive sentence of one to five years for the deadly weapon

5    enhancement and 243 days in the Elko County Jail for the attempted willful destruction

6    or concealment of evidence conviction. (ECF No. 56-50 at 35.) An Amended Judgment

7    of Conviction was entered on February 12, 2013. (ECF No. 18-3.) Dunn appealed, and

8    the Nevada Supreme Court affirmed on March 2, 2015. (ECF No. 18-12.)

9    On July 27, 2015, Dunn petitioned the state court for post-conviction relief. (ECF

10    No. 18-18.) The state court denied Dunn's petition. (ECF No. 18-27.) Dunn appealed, and

11    the Nevada Court of Appeals affirmed on April 29, 2019. (ECF No. 18-31.)

12    Dunn commenced this federal habeas action on or about November 22, 2019.

13    (ECF No. 1.) This Court granted Dunn's motion for the appointment of counsel and

14    appointed the Federal Public Defender to represent Dunn. (ECF Nos. 6, 10.) Dunn filed

15    his counseled First-Amended Petition on August 10, 2020, and then moved to stay this

16    action. (ECF Nos. 17, 25.) This Court granted the motion for stay on February 1, 2021.

17    (ECF No. 27.) Dunn moved to reopen this action and filed his Second-Amended Petition

18    on September 27, 2023. (ECF Nos. 44, 46.) Dunn raises the following grounds for relief

19    in his Second-Amended Petition:

20
    1.    The trial court prohibited him from presenting bad act evidence.
    2.    There was insufficient evidence to support his convictions.

21
    3.    The prosecution withheld material exculpatory evidence.
    4(a).  His trial counsel failed to test the gunshot residue.

22
    4(b).  His trial counsel failed to investigate his mental state.
    4(c).  His trial counsel failed to investigate the victim's history.

23
    4(d).  His trial counsel failed to argue in support of the lesser-included offense of manslaughter.

24

25    (ECF No. 46.)

26    **III.    LEGAL STANDARDS & ANALYSIS**

27    The Respondents argue that: (1) any claims in the Second-Amended Petition that

28    do not relate back to Dunn's original petition must be dismissed as untimely; (2) grounds

1 and 4 are unexhausted; (3) ground 3 is procedurally defaulted; and (4) Dunn failed to develop the factual basis for ground 4(a). (ECF No. 54.) This Court will address these arguments in turn.

### A.     Timeliness and Relation Back

Respondents argue that Dunn's First and Second Amended Petitions are untimely and all the claims that do not relate back to his original petition must be dismissed. (ECF No. 54 at 4.)

On April 9, 2020, Dunn moved for prospective equitable tolling due to the COVID-19 pandemic. (ECF No. 11.) On May 18, 2020, this Court granted Dunn prospective equitable tolling, finding that "[t]he extraordinary circumstances of the COVID-19 pandemic [are] ongoing, and at the moment it is preventing Dunn from filing a timely amended petition." (ECF No. 16 at 24.) As such, this Court ordered that Dunn's "one-year period of limitation under 28 U.S.C. § 2244(d)(1) will expire at the end of August 10, 2020." (*Id*. at 4.) Respondents argue that this Court should reconsider this Order because "Dunn has not demonstrated that COVID-19 or any other external impediment interfered with his ability to add the facts and legal arguments in his first amended federal habeas petition." (ECF No. 54 at 6.) Dunn rebuts that this Court should not reconsider its prospective equitable tolling decision because he justifiably relied on it in filing his First-Amended Petition. (ECF No. 62 at 2.) Because Respondents cite no legal basis for this Court to reconsider its prior decision granting Dunn prospective equitable tolling, Dunn's one-year limitations period expired on August 10, 2020, making his First-Amended Petition, filed on August 10, 2020, timely.

Respondents next argue that even if Dunn's First-Amended Petition was timely, ground 4(a) and 4(b) of his untimely Second-Amended Petition do not relate back to his timely First-Amended Petition.

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the

claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction, or sentence. *Id.* at 655-64. Rather, habeas claims asserted in an amended petition relate back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659.

In ground 4(a) of his Second-Amended Petition, Dunn argues that his "[t]rial counsel failed to test the gunshot residue on Erik Espitia's shirt." (ECF No. 46 at 19.) This is the same claim as ground 4(a)(3) of the First-Amended Petition. (*See* ECF No. 17 at 28 (alleging that Dunn's trial counsel "fail[ed] to test the gunshot residue on Erik Espitia's shirt").) And in ground 4(b) of his Second-Amended Petition, Dunn argues that his "[t]rial counsel failed to investigate Dunn's mental state." (ECF No. 46 at 23.) This is the same claim as ground 4(a)(2) of the First-Amended Petition. (*See* ECF No. 17 at 24 (alleging that Dunn's trial counsel "fail[ed] to investigate Dunn's mental state").) Although grounds 4(a) and 4(b) of the Second-Amended Petition may have additional factual support when compared to grounds 4(a)(3) and 4(a)(2) of the First-Amended Petition, grounds 4(a) and 4(b) of the Second-Amended Petition share a common core of operative facts with grounds 4(a)(3) and 4(a)(2), respectively, of the First-Amended Petition. *Mayle*, 545 U.S. at 659. As such, the Court finds that grounds 4(a) and 4(b) of the Second-Amended Petition relate back and are timely.

**B.    Exhaustion**

Respondents argue that grounds 1 and 4 are unexhausted. (ECF No. 54 at 7.)

A state prisoner must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion

1  requirement ensures that the state courts, as a matter of comity, will have the first

2  opportunity to address and correct alleged violations of federal constitutional

3  guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has

4  exhausted his federal claims when he has fully and fairly presented them to the state

5  courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To fully and fairly present

6  a claim, a petitioner must present the substance of his claim to the state courts, and the

7  claim presented to the state courts must be the substantial equivalent of the claim

8  presented to federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state

9  courts have been afforded a sufficient opportunity to hear an issue when a petitioner has

10  presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*,

11  197 F.3d 359, 364 (9th Cir. 1999). A petitioner may reformulate his claims so long as the

12  substance of his argument remains the same. *Picard*, 404 U.S. at 277-78.

13          **1.    Ground 1**

14         Respondents allege that ground 1 is unexhausted because Dunn failed to

15  federalize this ground in his direct appeal to the Nevada appellate courts. (ECF No. 54 at

16  9.) In ground 1, Dunn alleges that the trial court violated his right to due process when it

17  prohibited him from presenting evidence of the Espitia brothers' bad acts as guaranteed

18  by the Fifth, Sixth, and Fourteenth Amendments. (ECF No. 46 at 7.)

19         In his reply brief on his direct appeal before the Nevada Supreme Court, Dunn

20  argued that his "substantial rights were affected by the exclusion of critical defense

21  evidence." (ECF No. 18-7 at 16.) To support his argument, Dunn cited U.S. Supreme

22  Court cases regarding a defendant's right to present his defense, including *Pennsylvania*

23  *v. Ritchie*, 480 U.S. 39 (1987), *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973), and

24  *Washington v. Texas*, 388 U.S. 14, 19 (1967). (*Id*. at 16-17.) Accordingly, even if Dunn

25  did not include the federal legal basis of ground 1 in his opening brief of his direct appeal

26  to the Nevada appellate courts, which he readily admits, he did so in his reply brief. As

27  such, Dunn fairly presented ground 1 to the Nevada appellate courts because a

28  reasonable jurist would have been alerted to the existence of the federal question of

ground 1 in the reply brief, giving the Nevada appellate courts the opportunity to correct Dunn's alleged violations of his federal rights. *See Sanders v. Ryder*, 342 F.3d 991, 1001 (9th Cir. 2003) (concluding that the petitioner had "presented his federal ineffective assistance of counsel claim to the Washington State Supreme Court" because "[i]n [his] reply brief to the Washington State Supreme Court, he made it abundantly clear that his ineffective assistance of trial counsel claim was a federal claim"); *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) ("To exhaust his claim, Castillo must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing.").

Ground 1 is exhausted.

### 2.    Ground 4

As a reminder, ground 4 includes four subclaims of ineffective assistance of trial counsel. (ECF No. 46 at 18-34.) Dunn acknowledges that ground 4 is unexhausted. (*See* ECF No. 46 at 18-19.) However, Dunn asserts that ground 4 is technically exhausted and procedurally defaulted and that he can overcome the procedural default under *Martinez v. Ryan*. (ECF No. 21 at 6.)

A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

Here, it is clear that Dunn would face multiple procedural bars if he were to return to state court with unexhausted claims. *See, e.g.*, NRS § 34.726, 34.810. However,

1    Nevada procedural bars can be excused with a showing of cause and prejudice or a

2    fundamental miscarriage of justice (*i.e.*, actual innocence). With one exception,[2]

3    Nevada's standards for excusing a procedural bar are substantially similar to the federal

4    standards. Given the similarity of the standards, virtually any argument that a petitioner

5    might present in federal court to overcome a procedural default can be presented to the

6    state courts in the first instance. It is generally more appropriate for state courts to have

7    the first opportunity to consider the application of conclusive procedural bars. *Cf.*

8    *Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011) (noting that, in the circumstances

9    presented, a stay was appropriate because it provided the state courts with the first

10   opportunity to resolve the claim). For these reasons, the courts in this district have

11   generally declined to find a claim subject to anticipatory procedural default unless the

12   petitioner unequivocally stipulates that the unexhausted claims would be denied on state

13   procedural grounds if he returned to state court to present the claims.

14          Dunn raises *Martinez* and actual-innocence arguments. Nevada courts recognize

15   actual innocence. *E.g.*, *Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006) ("Even when a

16   petitioner cannot show good cause sufficient to overcome the bars to an untimely or

17   successive petition, habeas relief may still be granted if the petitioner can demonstrate

18   that 'a constitutional violation has probably resulted in the conviction of one who is actually

19   innocent.'"). Because Dunn has a potentially viable actual-innocence argument under the

20   substantially similar federal and state standards, he cannot establish that the state court

21

22          [2]The sole exception is a claim that a procedural default may be excused pursuant
     to *Martinez*, which the Nevada Supreme Court has expressly declined to follow. *Brown v.*
23   *McDaniel*, 331 P.3d 867, 871-75 (2014). In *Martinez*, the United States Supreme Court
     created a narrow, equitable rule that may allow a petitioner to establish cause for a
24   procedural default where he failed to raise a substantial claim of ineffective assistance of
     trial counsel in initial-review collateral proceedings due to the absence or inadequate
25   assistance of counsel. *Martinez v. Ryan*, 566 U.S. 1, 16-17 (2012). Thus, a Nevada
     habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for
26   overcoming a state procedural bar on an unexhausted claim can successfully argue that
     Nevada courts would hold the claim procedurally barred but he nonetheless has a
27   potentially viable cause-and- prejudice argument under federal law that Nevada courts
     would not recognize when applying state procedural bars. Here, Dunn argues that "he is
28   actually innocent of murder" (ECF No. 62 at 13), so he does not rely upon only *Martinez*.

1    would hold his unexhausted claims procedurally barred. *Sandgathe*, 314 F.3d at 376.

2    Accordingly, Dunn's request for a finding of technical exhaustion of ground 4 is denied.[3]

3        **C.    Procedural Default**

4        Respondents argue that ground 3 is procedurally defaulted. (ECF No. 54 at 11.)

5        Federal courts are barred from considering a state prisoner's habeas claim if the

6    state courts denied the claim based on an independent and adequate state procedural

7    rule. *Edwards v. Carpenter*, 529 U.S. 446, 454-55 (2000). "The Ninth Circuit has

8    elaborated that a state rule must be clear, consistently applied, and well-established at

9    the time of the petitioner's purported default." *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th

10   Cir. 2005) (internal quotation marks omitted). When a prisoner "procedurally defaults" a

11   federal claim, judicial review is barred unless he can show either: (1) "cause for the default

12   and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure

13   to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501

14   U.S. at 750. To demonstrate cause, a petitioner must show that some external and

15   objective factor impeded his efforts to comply with the state's procedural rule. *Maples v.*

16   *Thomas*, 565 U.S. 266, 280-81 (2012). To show prejudice, a petitioner bears the burden

17   of showing not merely that the error created a possibility of prejudice, but that the error

18   worked to his actual and substantial disadvantage, infecting the entire proceeding with

19   constitutional error. *Murray v. Carrier*, 477 U.S. 478, 494 (1986).

20

21   _____
         [3]The procedural default and exhaustion doctrines "advance[ ] the same comity,
22   finality, and federalism interests." *Davila v. Davis*, 582 U.S. 521 (2017) (citing *McCleskey*
     *v. Zant*, 499 U.S. 467, 493 (1991)). These interests may be undermined if this Court were
23   to address Dunn's actual innocence claim in the first instance at this stage of the
     proceedings. Indeed, as Respondents contend, "[i]f Dunn can demonstrate that he is
24   actually innocent[,] he should seek an available remedy in state court and not . . . present[]
     an actual innocence claim for the first time in federal court." (ECF No. 65 at 15.) Dunn
25   previously requested a stay, explaining that his investigation yielded a new claim based
     on new evidence, and because this new claim—ground 4(a) of his second-amended
26   petition—was unexhausted, he needed to return to state court to exhaust it. (ECF Nos.
     44 at 2, 48 at 2.) This Court denied the motion for stay because Dunn "fail[ed] to make a
27   colorable argument that the state courts will be able to consider the merits of ground 4(a)
     or his new evidence." (ECF No. 51 at 3.) Notably, Dunn did not argue that this new
28   evidence showed that he is actually innocent in his previous motion for stay like he does
     in his response to the motion to dismiss. (ECF Nos. 48, 62.)

In ground 3, Dunn alleges that the prosecution withheld material exculpatory evidence in violation of his right to due process and a fair trial. (ECF No. 46 at 15.) In affirming the denial of Dunn's state habeas petition, the Nevada Court of Appeals held as follows:

> Dunn argues the district court erred by denying his July 27, 2015, petition and later-filed supplement. Dunn claimed the State violated *Brady v. Maryland*, 373 U.S. 83 (1963) by withholding evidence concerning the victim's actions in an otherwise unrelated criminal case stemming from a fight that occurred in 2009. The victim in this matter was also the victim in the 2009 fight, but Dunn contended evidence from that case could have been used by Dunn to show that the victim had refused to withdraw from that confrontation and had a habit of that behavior.
>
> The district court conducted an evidentiary hearing and considered Dunn's claim on the merits. However, the district court should have applied the procedural bar from NRS 34.810(1)(b) because Dunn's claim could have been raised on direct appeal from the judgment of conviction. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) ("Application of the statutory procedural default rules to post-conviction habeas petitions is mandatory."). Because Dunn could have raised his underlying claim on direct appeal, Dunn's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.810(1)(b), (3).
>
> "To prove a *Brady* violation, the accused must make three showings: (1) the evidence is favorable to the accused, either because it is exculpatory or impeaching; (2) the State withheld the evidence, either intentionally or inadvertently; and (3) prejudice ensued, i.e., the evidence was material." *State v. Huebler*, 128 Nev. 192, 198, 275 P.3d 91, 95 (2012) (internal quotation marks omitted). When a claim alleging withheld exculpatory evidence is raised in a procedurally barred postconviction petition for a writ of habeas corpus, "the petitioner has the burden of pleading and proving specific facts that demonstrate good cause and prejudice to overcome the procedural bars." *State v. Bennett*, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003). "Good cause and prejudice parallel the second and third *Brady* components; in other words, proving that the State withheld the evidence generally establishes cause, and proving that the withheld evidence was material establishes prejudice." *Id*. "We give deference to the district court's factual findings regarding good cause, but we will review the court's application of the law to those facts de novo." *Huebler*, 128 Nev. at 198, 275 P.8d at 95.
>
> First, the district court found Dunn failed to meet his burden to establish this evidence was withheld because at the evidentiary hearing Dunn did not elicit any evidence to support his claim that his trial counsel were unaware of the separate criminal matter. Substantial evidence supports the district court's finding. In addition, Dunn did not explain why he did not raise this claim on direct appeal and, therefore, failed to meet his burden to demonstrate an impediment external to the defense prevented him from raising this claim on direct appeal. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2008). Accordingly, Dunn failed to demonstrate good cause to overcome the procedural bar.
>
> Second, the district court found Dunn failed to demonstrate the evidence related to the separate criminal matter was material to the

defense. The district court found specific-act evidence concerning the victim had been ruled inadmissible by the trial court and the Nevada Supreme Court affirmed that decision on direct appeal. *Dunn v. State*, Docket No. 62676 (Order of Affirmance, March 2, 2015). The district court found evidence concerning the victim's actions in the separate criminal matter was "precisely the type of character evidence disallowed" by the trial court, and, therefore, would not have been admissible at Dunn's trial. The district court further found evidence concerning the victim's actions in the 2009 fight did not establish those actions amounted to the victim's habit and, therefore, Dunn failed to show such evidence would have been admissible pursuant to NRS 48.059. For those reasons, the district court found Dunn failed to demonstrate either a reasonable probability or possibility of a different outcome at trial had his trial counsel had access to evidence stemming from the separate criminal matter. *See Bennett*, 119 Nev. at 600, 81 P.3d at 8 (explaining the different tests for materiality of undisclosed evidence when a defendant made either a general or a specific request for the information). Substantial evidence supports the district court's finding that the evidence concerning the 2009 fight was not material to Dunn's defense. Accordingly, Dunn failed to demonstrate actual prejudice sufficient to overcome the procedural bar.

Because Dunn did not demonstrate that the evidence related to the separate criminal matter was withheld or that it was material to his defense, he failed to demonstrate good cause and actual prejudice sufficient to overcome the procedural bar. *See id*. at 599, 81 P.3d at 8. Therefore, we conclude Dunn's petition was procedurally barred, and we affirm the denial of his petition. *See* NRS 34.810(1)(b); *see also Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

(ECF No. 18-31 at 2-5.)

Because the Nevada Supreme Court's analysis of ground 3 depended on federal law, ground 3 is not procedurally defaulted. *See Cooper v. Neven*, 641 F.3d 322, 332-33 (9th Cir. 2011) (concluding that the application of Nevada's procedural bars to the petitioner's *Brady* claims was not "independent" because "the Nevada Supreme Court explicitly relied on its federal *Brady* analysis as controlling the outcome of its state procedural default analysis"). Indeed, in the context of *Brady* claims, the merits of the claim dovetail exactly with the cause-and-prejudice analysis. The Nevada Supreme Court's decision in this case relied on a *Brady* analysis to determine that Dunn could not establish cause and prejudice to excuse the default of the same *Brady* claim he now raises before this Court. (ECF No. 84-26 at 3-8.) Accordingly, based on *Cooper*, ground 3 is not procedurally defaulted.

### D.    Development of Factual Basis for Ground 4(a)

Respondents argue that Dunn failed to develop the factual basis for ground 4(a), so this Court should dismiss ground 4(a) or strike the new evidence. (ECF No. 54 at 11.) The new evidence is an expert ballistics report, which was not part of the state court record. Dunn responds that he "can present this new evidence because he is actually innocent of murder." (ECF No. 62 at 13.) This Court will not dismiss the entirety of ground 4(a) because it contains evidence beyond the state court record. Further, Respondents' request to strike this new evidence is premature, especially in light of this Court's prior finding that ground 4(a) is unexhausted. Respondents may raise this argument in their answering brief, if necessary.

### E.    Mixed Petition

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id*. Because Dunn's Second-Amended Petition is mixed, he has three options: (1) file a motion to dismiss seeking partial dismissal of only the unexhausted claim(s); (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claim(s); and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claim(s) in abeyance while he returns to state court to exhaust the unexhausted claim(s).

## IV.    CONCLUSION

It is therefore ordered that Respondents' Motion (ECF No. 54) is granted as follows: ground 4 is unexhausted. Respondents' Motion is otherwise denied.

It is further ordered that Dunn has 30 days from the date of this Order to inform the Court how he wishes to proceed with his mixed petition as outlined in this Order. If Dunn chooses to file a motion for a stay and abeyance or seek other appropriate relief, the Respondents may respond according to Local Rule 7-2.

1

DATED THIS 25th Day of July 2024.

2

3

_____

4

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28